IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terry M. Chandler, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:22-cv-2025-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| P.F.C. Alston, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Terry M. Chandler, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 8). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 30, 2022, the magistrate judge issued an order granting Plaintiff twenty-one (21) days in which to bring the case into proper form. (ECF No. 7). The order also informed Plaintiff that his Complaint is subject to summary dismissal, identified the deficiencies in the Complaint, and granted Plaintiff twenty-one (21) days to file an amended complaint curing the deficiencies identified therein. *See id*. at 1–3. The proper form order also warned Plaintiff that if he failed either to bring the case into proper form or to file an amended complaint within the time permitted, his case may be subject to dismissal. *Id*. at 3. The proper form order was mailed to Plaintiff at the address he provided to the court, (ECF No. 9), and has not been returned as undeliverable. Accordingly, Plaintiff is presumed to have received the magistrate judge's order. However, to date, Plaintiff has failed to file an amended complaint, to submit the documents necessary to bring the case into proper form, or to otherwise respond to the magistrate judge's order.

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's action with prejudice and without issuance and service of process pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders or, alternatively, for failure to state a claim under 28 U.S.C. §§ 1915 and 1915A. (ECF No. 13). Plaintiff filed objections to the Report, (ECF No. 15), and this matter is now ripe for review.

## MAGISTRATE JUDGE'S FINDINGS & CONCLUSIONS

As the magistrate judge correctly noted, a court's authority "to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute[,] but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 3 (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–31 (1962)) (internal quotation marks omitted). The magistrate judge found that "Plaintiff's lack of response [to the proper form order] indicates an intent not to prosecute this case, and subjects this case to dismissal." *Id*. at 3–4 (citing Fed. R. Civ. P. 41(b); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)).

The magistrate judge found that, alternatively, Plaintiff's case is further subject to summary dismissal under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim. *See id*. at 4–7. The magistrate judge noted that, in order to state a claim for relief pursuant to § 1983, a plaintiff must allege: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation 'was committed by a person acting under the color of state law.'" *Id*. at 4 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Additionally, "[s]ection 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

elsewhere conferred.'" *Id*. at 4 (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  Applying these standards, the magistrate judge determined that Plaintiff's allegations fail to state claim for relief under § 1983, because (1) Plaintiff only sues Defendant in his official capacity such that Defendant is immune from suit under the Eleventh Amendment; (2) Plaintiff's requested relief of terminating Defendant's employment is beyond this court's power to grant; (3) Plaintiff's Complaint fails to allege specific facts tying Defendant to the alleged constitutional violations. *See id*. at 4–6.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726

(D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

Although Plaintiff filed objections to the Report, they are non-specific and entirely unrelated to the Report.  *See* (ECF No. 15).  Instead, Plaintiff appears argue that he is indigent and,

4

therefore, should not have to pay the filing fee of $350.00. *See id*. However, the magistrate judge granted Plaintiff's motion to proceed *in forma pauperis* as part of the proper form order, *see* (ECF No. 7 at 1), such that Plaintiff has been excused from having to prepay the full filing fee in this case. *See also* (ECF No. 8). Furthermore, nowhere in Plaintiff's objections does Plaintiff offer any cure to the deficiencies noted in the Report. Plaintiff's objections are, therefore, overruled and, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 13), which are incorporated herein by reference. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and to comply with court orders and under §§ 1915 and 1915A for failure to state a claim for relief.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 18, 2022

---

[1] This action constitutes a "strike" pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321–71 (1996), based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) ... hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.